1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
8                                      AT SEATTLE

9

10   RAPHAEL RUSSELL,                          CASE NO. C15-0328JLR

11                  Plaintiff,                 ORDER GRANTING
                                               DEFENDANT'S MOTION TO
12          v.                                 DISMISS

13   SAFECO INSURANCE COMPANY,

14                  Defendant.

15                        I.    INTRODUCTION

16          Before the court is Defendant Safeco Insurance Company's ("Safeco") motion to

17   dismiss this case based on pro se Plaintiff Raphael Russell's failure to respond to

18   discovery and failure to comply with court orders directing him to respond to discovery.

19   (Mot. (Dkt. # 32).)  The court has considered the motion, all filings related to the motion,

20   //

21   //

22   //

ORDER- 1

1  the balance of the record, and the applicable law.  Being fully advised,[1] the court

2  GRANTS Safeco's motion and DISMISSES this case with prejudice.

3                              **II.    BACKGROUND**

4         Mr. Russell filed this action on March 4, 2015.  (Compl. (Dkt. # 1).)  Although

5  Mr. Russell's complaint is vague and cursory, he alleges that Safeco mishandled his

6  insurance claim and failed pay him the proper amount of benefits after his house burned

7  down.  (*See id.* at 2-5.)

8         On July 14, 2015, Safeco served Mr. Russell with its first set of interrogatories,

9  requests for production, and requests for admission.  (Smith Decl. (Dkt. # 23-1) ¶ 3, Ex. 1

10  ("Safeco Requests").)  In an accompanying cover letter, Safeco explained to Mr. Russell

11  when his responses were due.  (*See id.* at 1.)  Mr. Russell provided his responses on

12  August 12, 2015; however, his responses were deficient in multiple respects.  (*See* Smith

13  Decl. ¶¶ 4, 6, Ex. 2 ("8/12/15 Responses"), Ex. 3 ("8/17/15 Letter").)  For instance, Mr.

14  Russell provided incomplete answers to many questions and requests, and he failed to

15  respond at all to others.  (*See, e.g.*, 8/12/15 Responses at 7; *see also* 8/17/15 Letter; Smith

16  Decl. ¶ 5.)  On August 17, 2015, Safeco sent Mr. Russell a letter explaining the

17  deficiencies in his responses and asking him to supplement them.  (*See* 8/17/15 Letter.)

18  Mr. Russell did not respond to that letter.  (*See* Smith Decl. ¶ 7.)

19         After attempting to contact Mr. Russell without success, Safeco moved to compel

20  full and complete answers to its discovery requests.  (*See id.*, Ex. 4; MTC (Dkt. # 23).)

21  _____

22         [1] No party has requested oral argument, and the court deems oral argument unnecessary
   for the disposition of this motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

1  Mr. Russell filed an opposition in which he asked for additional time to respond to

2  Safeco's discovery requests on the basis that he was still searching for some of the

3  necessary information.  (*See* MTC Resp. (Dkt. # 24).)  On October 16, 2015, the court

4  granted Safeco's motion and gave Mr. Russell until November 20, 2015, to respond to

5  Safeco's discovery requests.  (*See* 10/16/15 Order (Dkt. # 26).)

6       On November 20, 2015, Mr. Russell filed a motion for an additional extension of

7  time to respond to Safeco's discovery requests.  (*See* 1st Mot. to Cont. (Dkt. # 27).)  Mr.

8  Russell suggested that an extension was appropriate because he needed to secure the

9  return of relevant documents from an attorney to whom he had spoken about his case.

10  (*See id.* at 1.)  On December 3, 2015, the court granted Mr. Russell's motion for an

11  extension and ordered that "Mr. Russell must respond to Safeco's discovery requests no

12  later than January 8, 2016, in a manner compliant with the Federal Rules of Civil

13  Procedure."  (12/3/15 Order (Dkt. # 28) at 2.)  In addition, the court warned Mr. Russell

14  that if he failed comply with the court's order, the court would consider imposing

15  sanctions on him up to and including dismissal of his claims.  (*Id.* ("If . . . the court

16  determines that Mr. Russell still has not fulfilled his discovery obligations, the court will

17  consider imposing sanctions on Mr. Russell for discovery violations and for failure to

18  abide by court orders.  The available sanctions will include dismissal of Mr. Russell's

19  claims.").)

20       Mr. Russell timely provided additional responses to Safeco's discovery requests;

21  however, those responses were still deficient in numerous respects.  (*See* Silk Decl. (Dkt.

22  # 32-1) ¶¶ 3-5, Ex. 1 ("Supp. Resp. 1"), Ex. 2 ("Supp. Resp. 2"), Ex. 3 ("Silk Memo")

1    (summarizing the remaining deficiencies).)  On January 22, 2016, Safeco filed the instant

2    motion to dismiss.  (*See* Mot. at 1.)  Safeco asks the court to dismiss Mr. Russell's

3    complaint with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and

4    37(d)(3) for "(1) Plaintiff's violation of this Court's Order . . . of December 2, 2015, . . .

5    and (2) Plaintiff's longstanding and ongoing failure to make discovery."  (*Id.*)

6         Mr. Russell did not respond to the substance of Safeco's motion to dismiss.  (*See*

7    Dkt.)  Instead, on February 17, 2016, he filed a motion seeking a continuance on the basis

8    of alleged criminal conduct by Safeco and the attorney with whom Mr. Russell had

9    spoken about his case.  (*See* 2d Mot. to Cont. (Dkt. # 34) at 1-3.)  Although the court

10   disregarded Mr. Russell's allegations of criminality, the court granted his request for

11   more time and gave him an additional 21 days to respond to Safeco's motion and provide

12   full and complete responses to Safeco's discovery requests.  (*See* 2/22/16 Order (Dkt.

13   # 36) at 3 & n.1.)  The court warned Mr. Russell that failure to comply with this new

14   deadline would result in dismissal of his case with prejudice.  (*See id.* at 3 ("If Mr.

15   Russell does not file a response to Safeco's motion to dismiss and fully and completely

16   respond to Safeco's discovery requests by March 14, 2016, the court will dismiss Mr.

17   Russell's claims with prejudice . . . .").)  Because the discovery cutoff had passed and the

18   dispositive motions deadline was only two weeks away, the court struck the remaining

19   case schedule deadlines and set a new trial date of August 15, 2016.  (*See id.* at 1, 4;

20   Sched. Order (Dkt. # 13) at 1 (setting the discovery cutoff on February 8, 2016, the

21   dispositive motions deadline on March 8, 2016, and the trail date on June 6, 2016).)

22

1    Despite these extensions and warnings from the court, Mr. Russell again failed to

2    comply with the court's orders and his discovery obligations.  On March 14, 2016, Mr.

3    Russell submitted supplemental responses to Safeco's discovery requests, but those

4    responses fail to cure many of the deficiencies in his earlier responses.  (*See* Notice (Dkt.

5    # 40); Safeco Resp. (Dkt. # 42) at 3-5 (describing the deficiencies remaining in Mr.

6    Russell's supplemental responses).)  Also on March 14, Mr. Russell filed another motion

7    for a continuance.  (*See* 3d Mot. to Cont. (Dkt. # 38).)  He informed the court for the first

8    time that he suffers from dementia and stated that he is still compiling information

9    needed to respond to Safeco's discovery requests.  (*See id.* at 1-2.)  He assured the court

10   that he would have the information ready by the end of March.  (*See id.* at 1 ("[W]e will

11   have it done by the end of the month."); *see also id.* ("At the present, we have [a]

12   contractor and he has an engineer who is able to acquire an estimate by the end of the

13   month for rebuilding the house.").)

14        On March 30, 2016, the court deferred ruling on Mr. Russell's latest motion for a

15   continuance and Safeco's motion to dismiss.  (3/30/16 Order (Dkt. # 43) at 1-2.)  In

16   consideration of Mr. Russell's representations regarding dementia, the court gave him

17   leave to obtain a guardian and notify the court that he had done so by April 14, 2016.

18   (*See id.*)  As before, the court warned Mr. Russell that failure to comply with this

19   deadline would result in dismissal of his case with prejudice.  (*See id.* at 2 ("If Mr.

20   Russell fails to provide notice of appointment of a guardian by April 14, 2016, the court

21   will dismiss this case with prejudice in accordance with the terms of the court's prior

22

1    orders . . . .").)  April 14, 2016, has passed, and Mr. Russell has filed nothing further with

2    the court.  (*See* Dkt.)  Safeco's motion to dismiss is now before the court.

3                              **III.    DISCUSSION**

4           Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides that the court may

5    dismiss an action as a sanction where a party fails to obey an order to provide or permit

6    discovery.  Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 37(d)(3), 41(b).

7           In determining whether to dismiss a claim for failure to prosecute or failure
            to comply with a court order, the Court must weigh the following factors:
8           (1) the public's interest in expeditious resolution of litigation; (2) the
            court's need to manage its docket; (3) the risk of prejudice to
9           defendants/respondents; (4) the availability of less drastic alternatives; and
            (5) the public policy favoring disposition of cases on their merits.
10
     *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see Porter v. Martinez*, 941
11
     F.2d 732, 733 (9th Cir. 1991); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.
12
     1987).
13
            Here, the court finds that the relevant factors weigh in favor of dismissal.  First,
14
     "the public's interest in expeditious resolution of litigation always favors dismissal."
15
     *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Given Mr. Russell's failure
16
     to comply with his discovery obligations and the court's orders and the resulting delay of
17
     this matter, *see supra* § II, this factor favors dismissal.
18
            Second, "[i]t is incumbent upon the Court to manage its docket without being
19
     subject to routine noncompliance of litigants . . . ."  *Pagtalunan*, 291 F.3d at 642.  This
20
     factor favors dismissal.  Mr. Russell has repeatedly failed to comply with the court's
21
     orders, has failed—despite multiple continuances—to fully respond to discovery requests
22

ORDER- 6

1  that he received nine months ago, and as a result has already substantially impeded the

2  court's ability to manage this case.  *See supra* § II.  Mr. Russell's delays have also begun

3  to affect the rest of the court's docket, as the court has already had to reschedule the trial

4  date in this matter.  (*See* 2/22/16 Order at 1, 4; *see also* 3/30/16 Order.)

5          Third, "[t]o prove prejudice, a defendant must establish that plaintiff's actions

6  impaired defendant's ability to proceed to trial or threatened to interfere with the rightful

7  decision of the case."  *Pagtalunan*, 291 F.3d at 642.  As the Ninth Circuit has indicated,

8  "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and

9  evidence will become stale," *id*. at 643, and "[f]ailure to produce documents as ordered

10  . . . is considered sufficient prejudice," *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406,

11  1412 (9th Cir. 1990).  On this record, the court finds that Mr. Russell's delay was

12  unreasonable and that this factor weighs in favor of dismissal.  Mr. Russell's deficient

13  and delayed discovery responses impair Safeco's ability to investigate the vague

14  allegations of his complaint, evaluate defenses, and identify relevant witnesses and

15  evidence.  Additionally, Mr. Russell's failure to comply with discovery deadlines has

16  increased the burdens on Safeco, both financial and otherwise, by forcing it to file a

17  motion to compel and responses to his requests for continuances.  (*See* MTC; Dkt. ## 25,

18  30, 35, 42.)

19          Fourth, the court is hard-pressed to identify a sanction less drastic than dismissal

20  that would accomplish the necessary result.  Rule 37 enumerates a range of alternative

21  sanctions, but none appears appropriate on the facts presented.  *See* Fed. R. Civ. P.

22  37(b)(2)(A).  For instance, striking Mr. Russell's complaint in whole or in part would

1    have little to no effect in light of the cursory nature of the complaint, which already raises

2    concerns under the pleading standards articulated by the Supreme Court in *Ashcroft v.*

3    *Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). (*See*

4    Compl.)  The court likewise views a stay of proceedings as ineffective here.  Mr. Russell

5    has had adequate time to satisfy his discovery obligations, and his failure to comply with

6    the court's orders demonstrates that he cannot or will not prosecute this action in a

7    diligent and orderly manner.  *See supra* § II.  A stay of proceedings would only

8    compound the prior delays and thereby reward, rather than sanction, Mr. Russell for his

9    conduct.  In addition, the court notes that it warned Mr. Russell several times that his

10    failure to comply with his discovery obligations and the deadlines set by the court would

11    result in dismissal of his case with prejudice.  (*See* 12/3/15 Order at 2; 2/22/16 Order at 3;

12    3/30/16 Order at 2); *Malone*, 833 F.2d at 132-33 ("[T]he case law suggests that warning a

13    plaintiff that failure to obey a court order will result in dismissal can suffice to meet the

14    'consideration of alternatives' requirement.").[2]  This factor weighs in favor of dismissal.

15         Fifth, the interest in adjudicating this action on the merits weighs against dismissal

16    because "[p]ublic policy favors disposition of cases on the merits."  *Pagtalunan*, 291 F.3d

17    at 643.  This is the only factor that weighs against dismissal.

18

19

20      [2] The court is aware that subsequent Ninth Circuit cases have clarified that in order to qualify as a less drastic alternative a warning must come after an initial failure to comply with a court order. *See Pagtalunan*, 291 F.3d at 643; *Yourish*, 191 F.2d at 992.  Here, the court warned

21    Mr. Russell about dismissal three times after he initially failed to meet the deadline set in the court's order granting Safeco's motion to compel.  (*See* 10/16/15 Order (granting the motion to compel); 1st Mot. to Cont. (filed on 11/20/15); 12/3/15 Order at 2; 2/22/16 Order at 3; 3/30/16

22    Order at 2.)

1  Balancing the foregoing factors, the court finds that dismissal is the appropriate

2  sanction to address Mr. Russell's failure to comply with his discovery obligations and the

3  court's orders.  The court therefore grants Safeco's motion to dismiss.  Furthermore, the

4  court denies Mr. Russell's pending motion for a continuance as moot.  (*See* 3d Mot. to

5  Cont.)

6  **IV.  CONCLUSION**

7  For the foregoing reasons, the court GRANTS Safeco's motion to dismiss (Dkt.

8  # 32) and DISMISSES this case with prejudice.  The court DENIES as moot Mr.

9  Russell's motion for a continuance (Dkt. # 38).

10  Dated this 15th day of April, 2016.

11

12

13  _____

JAMES L. ROBART
14  United States District Judge

15

16

17

18

19

20

21

22

ORDER- 9